UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNASTO AFEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 25-cv-01884-NC<br><br>**ORDER GRANTING IN PART UNDER RULE 12(b)(6) AND DENYING IN PART UNDER RULE 12(b)(1) DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF 61 |

This civil case against Defendant Google LLC brought by Plaintiff Dynasto Afedo arises from Google's alleged statements and omissions about issues with its Google Play Console developer verification system. Plaintiff alleges three claims in his Second Amended Complaint (SAC): negligence, negligent misrepresentation by omission, and promissory estoppel. Google moved to dismiss the entirety of Plaintiff's SAC under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court DENIES IN PART and GRANTS IN PART Google's motion to dismiss. As further explained below, Google's motion to dismiss under Rule 12(b)(1) is denied because it does not appear to a legal certainty that the amount in controversy is less than the required jurisdictional amount, and its motion to dismiss under Rule 12(b)(6) is granted with leave to amend because Plaintiff failed to sufficiently plead the elements of his claims.

## I. BACKGROUND

### A. Factual Background

Plaintiff's SAC alleges the following facts.

Plaintiff Dynasto Afedo is an independent mobile application developer from Ghana. ECF 58 (SAC) ¶ 6. Google operates Google Play Console, the dominant global distribution platform for Android applications. *Id.* ¶ 12.

Plaintiff has previously maintained active developer accounts on Google Play Console. *Id.* ¶ 6. Plaintiff developed and published multiple applications, including RWC Racing, which achieved over 69,000 downloads on Google Play and reached the number one position on the Apple App Store and Google Play. SAC ¶¶ 7–8.

In July 2023, Google announced that beginning in November 2023, all developer accounts would be subject to mandatory verification of phone numbers and email addresses to maintain platform access on Google Play Console. *Id.* ¶ 13. Google required verification before applications could be submitted or updated. *Id.* ¶ 58. After Plaintiff used Ghanaian credentials and phone numbers to comply with the new process, the Google Play Console developer verification system repeatedly rejected the verification and blocked Plaintiff from uploading, updating, or republishing applications. *Id.* ¶ 14.

In November 2023, Google publicly stated on its Play Console Help Page entitled "Verifying your Play Console developer account (for accounts created before September)" that "[d]evelopers can complete verifications in Play Console 60 days before their individual deadline." *Id.* ¶ 57. Google also stated in public statements and ongoing enforcement policies, that between May 2024 and February 2025, "[d]evelopers can complete verifications in Play Console 60 days before their individual deadline" and that developers needing more time could extend this verification deadline by 90 days. *Id.* ¶ 47. Plaintiff alleged he relied on these statements to mean that the Google Play Console verification system was functional and accessible to developers worldwide, and thus, did not contact Google Support immediately, deferred roll-out to alternative channels, and invested further development time. *Id.* ¶¶ 47, 52, 58.

2

1    Beginning in July 2024, after numerous verification failures, Plaintiff repeatedly
2 contacted Google Developer Support. *Id.* ¶¶ 15, 52. Google Support instructed Plaintiff to
3 "[t]ry verifying your phone numbers every other 5–7 days," but it failed to provide a fix.
4 *Id.* ¶¶ 15, 57. Plaintiff's valid Ghanaian information continued to be rejected. *Id.* On
5 August 27, 2024, Plaintiff emailed Google asking for advice and informing them that he
6 could not publish any applications because of the verification issues and was being harmed
7 economically. *Id.* ¶ 50. Plaintiff subsequently referenced this economic harm in his
8 follow-up emails. *Id.* ¶ 51. On November 4, 2024, Google emailed Plaintiff stating:
9 "Please note that issues with verifying phone numbers are being experienced by developers
10 around the world, making the issue more complex than it appears to be." *Id.* ¶ 37. Google
11 also again instructed Plaintiff to "[t]ry verifying your phone numbers every other 5–7
12 days." *Id.* ¶ 57. On November 4, 2024, Google also maintained an "In Progress" status
13 for Plaintiff's support case through Google Developer Support. *Id.* ¶ 57.
14    Despite communicating with Plaintiff about his issues with Google Play Console's
15 verification system, Google did not update its public statements to alert developers of
16 them. *Id.* ¶ 48.
17    Plaintiff conducted repeated verification attempts for more than 470 days in
18 accordance with Google's instructions. *Id.* ¶ 58. Plaintiff remained locked out of Google
19 Play Console and was unable to maintain, update, or monetize his applications, despite full
20 compliance with stated requirements. *Id.* ¶ 17.
21    Plaintiff also implemented technical measures, including the use of a VPN, to
22 comply with Google's directives. *Id.* ¶ 58. After masking his actual location and
23 simulating a U.S.-based IP address, Google's system accepted the verification. *Id.* ¶ 21.
24 Plaintiff's first account remained active due to his VPN, but his second account was later
25 terminated despite compliance. *Id.* ¶ 24. Plaintiff's verification issue with his second
26 account remains unresolved as of the time of the SAC. *Id.* ¶ 25.
27
28

**B.     Procedural Background**

Plaintiff filed his initial complaint against Google on February 21, 2025, and filed his first amended complaint (FAC) on February 24, 2025. ECF 1; ECF 8. In his FAC, Plaintiff alleged four breaches of contract of the Google Developer Distribution Agreement (the Agreement). ECF 8. Google then moved to dismiss Plaintiff's FAC, which the Court granted with leave to amend. ECF 36; ECF 55.

Plaintiff timely filed his Second Amended Complaint (SAC). ECF 58 (SAC). Google then moved to dismiss the SAC. ECF 61 (Mot.). Plaintiff opposed. ECF 66 (Opp'n). Google replied. ECF 72 (Reply). The Court denied Plaintiff's motion to file a sur-reply and did not hold a hearing on the motion. ECF 71; ECF 74.

All parties have consented to magistrate judge jurisdiction. ECF 20; ECF 27.

## II.    LEGAL STANDARD

**A.     Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts must have subject matter jurisdiction through federal question or diversity jurisdiction to hear a case. 28 U.S.C. §§ 1331, 1332. A federal court exercises diversity jurisdiction over a case when (1) the case is between "citizens of different States" and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332.

If a plaintiff invoking diversity jurisdiction fails to adequately assert the amount in controversy exceeds $75,000, a defendant may move to dismiss the plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1). Generally, in assessing such a Rule 12(b)(1) motion, a court takes the amount stated in the complaint as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). However, if it is apparent "to a legal certainty" that a

4

plaintiff cannot recover the asserted amount, a Rule 12(b)(1) motion will be granted and the case dismissed. *Id.* at 289.

In the Ninth Circuit, "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). In effect, this standard is clearly met in only three situations: (1) "when a specific rule of law or measure of damages limits the amount of damages recoverable," (2) "when the terms of a contract limit [a] plaintiff's possible recovery," and (3) "when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id*.

### B. Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Google moved to dismiss Plaintiff's SAC under Rule 12(b)(1) for lack of subject matter jurisdiction and in the alternative, under Rule 12(b)(6) for failure to state a claim. For the following reasons, the Court denies Google's motion to dismiss Plaintiff's SAC under Rule 12(b)(1) but grants Google's motion to dismiss Plaintiff's SAC under Rule 12(b)(6) with leave to amend.

#### A. The Court Cannot Consider the Agreement and Therefore Denies Google's Motion to Dismiss Plaintiff's SAC Under Rule 12(b)(1)

Google first argues that Plaintiff's SAC should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). Google reasons that it is "clear to a legal certainty that the amount in controversy does not exceed $75,000" because the Google Play Developer Distribution Agreement (the Agreement) bars Plaintiff's "consequential damages . . . and [p]unitive and [e]xemplary [d]amages," Plaintiff is not entitled to restitution or disgorgement, and Plaintiff's injunctive relief does not exceed $75,000. Mot. at 5–9. The Court is not persuaded.

As an initial matter, the Court cannot consider the Agreement. While a court may consider "documents attached to the complaint [or] incorporated by reference in the complaint" on a motion to dismiss, the Agreement is not attached to or incorporated by reference in the SAC. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Thus, despite the Agreement being attached and incorporated by reference in previous complaints, the Court cannot consider the Agreement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]n amended pleading supersedes the original pleading.").

The Court also declines to take judicial notice of the Agreement. *See* Mot. at 3 n.2. Although the Agreement is available on a publicly available website and its contents are not subject to reasonable dispute, the Agreement is irrelevant if the Court cannot also take judicial notice that Google and Plaintiff were parties to the Agreement. Even if it is not disputed that Google and Plaintiff were parties to the Agreement, this fact cannot be

1   accurately and readily determined from sources whose accuracy cannot reasonably be
2   questioned. *See* Fed. R. Civ. P. 201(c).

3   Thus, the Court assesses the SAC without considering the Agreement to determine whether it is apparent "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. Plaintiff alleges in his SAC that the combined value of his losses, along with his requested equitable remedies, is "reasonably believed to exceed $75,000, exclusive of interest and costs." SAC ¶ 28. He also alleges that his "compensatory damages" from "economic losses, lost revenues, wasted expenditures, opportunity costs, and reputational harm" alone are "reasonably believed to exceed $75,000."[1] *Id.* ¶ 64. The Court takes these allegations as true because Google does not dispute that they were made in good faith. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 288 ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith[.]"). Google does not raise any other rule of law or limitation of damages that would make it virtually impossible for a plaintiff to meet the amount in controversy agreement. *See Pachinger,* 802 F.2d at 364. As such, these allegations are sufficient to confer subject matter jurisdiction on a federal court because it is not legally certain the amount in controversy is $75,000 or less. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (finding that an allegation of a "reasonable, good-faith belief that the damages exceed $75,000" is sufficient to find subject matter jurisdiction").

The Court therefore declines to dismiss Plaintiff's SAC under Rule 12(b)(1) for lack of subject matter jurisdiction.

---

[1] Therefore, the Court does not address Google's arguments that Plaintiff's requests for restitution, disgorgement, and injunctive relief are less than $75,000 or unattainable.

**B.    The Court Grants Google's Motion to Dismiss Plaintiff's SAC Under Rule 12(b)(6)**

Google also argues that Plaintiff's three causes of action, negligence, negligent misrepresentation by omission, and promissory estoppel, fail to state a claim upon which relief can be granted, and thus should be dismissed under Rule 12(b)(6). Mot. at 2.

**1.    The Court Dismisses Plaintiff's Negligence Claim Under Rule 12(b)(6)**

Under California law, the elements of negligence are: (1) duty, (2) breach, (3) causation, and (4) damages. *Cnty. of Santa Clara v. Atl. Richfield Co.*, 137 Cal. App. 4th 292, 318 (2006). Plaintiff fails to sufficiently plead that Google had a duty of care towards Plaintiff, and thus, the Court dismisses his negligence claim under Rule 12(b)(6).

Plaintiff alleges that Google's duty arises from California Civil Code § 1714 and that he only suffered financial harm from Google's breach of duty.[2] SAC ¶ 33. However, it is "not presumed that a defendant owes a duty of care to guard against economic losses unaccompanied by injury to person or property." *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 397 (2019). This holds true for § 1714. *Id.*; *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 920 (2022) (finding that § 1714 "does not impose a general duty to avoid purely economic losses").

Further, Plaintiff's claim does not fall under the "special relationship" exception to the general rule of no recovery for negligently inflicted purely economic losses, as he only conclusorily alleges that Google "owed a special duty of care to the Plaintiff" without alleging that he "was an intended beneficiary of a particular transaction but was harmed by

---

[2] Plaintiff alleges that Google's negligence resulted in "exclusion from the platform and inability to upload, update, or public applications," later explaining that the loss of the platform's value equated to the inability to "upload, update, or monetize his applications." SAC ¶ 40; Reply at 7; *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 16-cv-00014-GPC-BLM, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) (finding "costs associated with time spent and loss of productivity" are economic losses); *Robinson Helicopter Co. v. Dana*, 34 Cal. 4th 979, 988 (2004) ("[W]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly . . . he has suffered only 'economic' losses.").

8

1  the defendant's negligence in carrying it out to show a special relationship." *S. Cal. Gas*
2  *Leak Cases*, 7 Cal. 5th at 400.
3       As such, the Court dismisses Plaintiff's negligence claim for failure to state a claim
4  under Rule 12(b)(6).

### 2. The Court Dismisses Plaintiff's Negligent Misrepresentation by Omission Claim Under Rule 12(b)(6)

Under California law, the elements of negligent misrepresentation[3] are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007). The misrepresentation must be a positive assertion, which may include "misleading half-truths" "when the defendant purports to convey the whole truth about a subject." *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 157 Cal. App. 4th 835, 854 (2007) (quoting *Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal. 4th 1066, 1084 (1997)). Plaintiff fails to sufficiently plead that Google made a positive assertion for the purpose of negligent misrepresentation.[4]

Plaintiff alleges that Google made three positive assertions that its Google Play verification system was functional and accessible to developers worldwide: (1) when Google publicly stated that between May 2024 and February 2025, "[d]evelopers could complete verifications in Play Console 60 days before their individual deadline" and "[d]evelopers needing more time could extend this verification deadline by 90 days;" (2) when Google Support instructed Plaintiff to "[t]ry verifying your phone numbers every 5–

---

[3] Although the claim is entitled "Negligent Misrepresentation by Omission" in the SAC, Plaintiff appears to be pleading a claim for negligent misrepresentation.
[4] The Court finds that it need not determine whether Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims because Plaintiff did not meet the regular pleading standard. *See Levit v. Nature's Bakery, LLC*, 767 F. Supp. 3d 955, 970 (N.D. Cal. 2025) (stating that there is a Ninth Circuit split on whether to apply Rule 9(b)'s heightened pleading standard to negligent misrepresentation claims).

1    7 days;" and (3) when Google maintained Plaintiff's support case with an "In Progress"
2    status. Opp'n at 22.
3        Plaintiff argues that these statements were misleading half-truths because "Google
4    omitted the material fact it knew" that there were issues with the verification system.
5    Opp'n at 22. However, these three "half-truths" do not imply that the verification process
6    was functional and were thus not misleading—stating a timeline of when to complete
7    verifications or working to resolve issues do not mean that there is a "viable path to
8    success" or that the system is functional. Opp'n at 22. Further, Plaintiff does not allege
9    that Google purported to convey the whole truth about the functionality of the verification
10   system. *See OCM Principal Opportunities Fund, L.P.*, 157 Cal. App. 4th at 854 (finding
11   that misleading half-truths about the subject may constitute positive assertions *when the*
12   *defendant purports to convey the whole truth*).
13       As such, the Court dismisses Plaintiff's negligent misrepresentation claim for
14   failure to state a claim under Rule 12(b)(6).

### 3. The Court Dismisses Plaintiff's Promissory Estoppel Claim Under Rule 12(b)(6)

17   Under California law, the elements of a promissory estoppel claim are "(1) a
18   promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise
19   is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party
20   asserting the estoppel must be injured by his reliance." *US Ecology, Inc. v. State of Cal.*,
21   129 Cal. App. 4th 887, 901 (2005). Plaintiff fails to sufficiently plead that Google stated a
22   promise clear and unambiguous in its terms.
23       Plaintiff alleges that Google's clear and unambiguous representations were that
24   Google: (1) made "policy representations" by publicly stating that "[d]evelopers can
25   complete verifications in Play Console 60 days before their individual deadline;" (2) made
26   "directive representations" by directing Plaintiff to "[t]ry verifying your phone numbers
27   every other 5–7 days," while acknowledging the phone number verification issues in the
28   same email, and (3) made "implied representations" by maintaining an "In Progress" status

1  for his support case. SAC ¶ 57. The Court finds that none of these "representations" were
2  promises, or "an assurance that a person will or will not do something." *Granadino v.*
3  *Wells Fargo Bank, N.A.*, 236 Cal. App. 4th 411, 417 (2015).

4      Plaintiff argues that that Google's statement that "Developers can complete
5  verifications in Play Console 60 days before their individual deadline" was a "clear
6  promise that the process would be functional and accessible." Opp'n at 24. The Court
7  disagrees—"can" often indicates permission or possibility, not an assurance. The
8  statement merely lays out the acceptable timeline for developers to complete their
9  verifications, not that the system process will be "functional and accessible."

10     Plaintiff then argues that in instructing Plaintiff to "[t]ry verifying [his] phone
11 number every other 5–7 days," Google gave a "clear promise that this specific action was a
12 viable method for achieving compliance." *Id.* However, the Court finds that this directive
13 merely gave Plaintiff a suggestion in an attempt to fix his verification issues. Google did
14 not state that doing so would fix his issues and is thus not a promise.

15     Plaintiff gives no argument or clarification as to what promise Google created by
16 maintaining an "In Progress" status. The Court finds that the status of a support case is
17 merely a statement of fact: Google was in the process of looking at Plaintiff's support case.
18 It does not promise that successful verification was possible and imminent. *See*
19 *Granadino*, 236 Cal. App. 4th at 413 (finding that "appellants were being reviewed for
20 loan modification" was not a promise).

21     As such, the Court dismisses Plaintiff's promissory estoppel claim for failure to
22 state a claim under Rule 12(b)(6).

23 **IV.   CONCLUSION**

24     For the reasons above, the Court DENIES IN PART and GRANTS IN PART
25 Google's motion to dismiss Plaintiff's SAC. The Court DENIES Google's motion to
26 dismiss Plaintiff's SAC under Rule 12(b)(1). The Court GRANTS Google's motion to
27 dismiss Plaintiff's SAC under Rule 12(b)(6) with leave to amend. Because the Court finds
28 that the SAC could be cured by amendment, Plaintiff is granted leave to file a third

amended complaint by January 27, 2026. Plaintiff may not add new claims or parties without further leave of the Court.

The Court reminds Afedo that the Federal Pro Se Program at the San Jose courthouse is available by phone appointment at (408) 297-1480 to provide free information and limited-scope legal advice to self-represented civil litigants.

**IT IS SO ORDERED.**

Dated: January 6, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge