UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DYNASTO AFEDO,

          Plaintiff,

       v.

GOOGLE LLC,

          Defendant.

Case No. 25-cv-01884-NC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT (TAC) WITHOUT LEAVE TO AMEND AND WITH PREJUDICE**

Re: ECF 81

This civil case against Defendant Google LLC brought by Plaintiff Dynasto Afedo arises from Defendant's issues with its Google Play Console developer verification system. Plaintiff's Third Amended Complaint (TAC) alleges that Defendant was negligent by failing to warn Plaintiff about the systemic and irremediable nature of the verification system's issues despite imposing deadlines for users to complete verification or have their account restricted or terminated. ECF 78 (TAC) ¶ 75.

Defendant moves to dismiss Plaintiff's TAC under Federal Rule of Civil Procedure 12(b)(6) because it argues that the economic loss rule bars Plaintiff's negligence claim, or alternatively, that Plaintiff fails to sufficiently plead the elements of his negligence claim. ECF 78. The Court GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND and WITH PREJUDICE because Plaintiff's sole claim is barred by the economic loss rule.

United States District Court
Northern District of California

## I.    BACKGROUND

### A.    Factual Allegations

Plaintiff's TAC alleges the following facts:

Plaintiff is an independent mobile application developer who relied on Google Play Console to distribute and manage mobile applications.  TAC ¶ 3.  Defendant owns, operates, and controls the Google Play Store and Google Play Console and supplies verification procedures and compliance instructions to developers.  *Id.* ¶ 4.

Defendant requires developers who publish applications through the Google Play Store to complete verification in order to access Google Play Console.  *Id.* ¶ 14.  Defendant exclusively controls the verification system, the criteria for verification approval or denial, the technical infrastructure by which verification attempts are processed, and the enforcement mechanisms tied to non-verification.  *Id.* ¶ 16.  Developers must rely on Defendant's official instructions and support communications as the sole means of attempting compliance for verification.  *Id.* ¶ 17.  Failure to complete verification by the assigned deadline may result in account restriction or termination.  *Id.* ¶ 15.

In or about November 2023, Plaintiff attempted to complete verification following Defendant's published procedures.  *Id.* ¶¶ 18–19.  Plaintiff did so for over 470 days.  *Id.* ¶ 19.  Despite complying with Defendant's procedures, all verification attempts failed, with the system returning the message: "We can't verify your phone number right now.  Try again later."  *Id.* ¶ 20.

Plaintiff reported the repeated verification failures to Defendant through official developer support channels, explaining that verification could not be completed despite procedural compliance.  *Id.* ¶ 22.  On or about July 31, 2024, Defendant acknowledged Plaintiff's report and escalated the issue to its technical team for investigation.  *Id.* ¶ 23.  On or about August 30, 2024, Defendant informed Plaintiff that the issue remained under investigation and that it was still working to determine a resolution, stating: "As our technical team is still currently working on resolving phone number verification issues

encountered by developers, I'm still unable to provide you any new information or resolution regarding your concern." *Id.* ¶ 24.

By no later than early August 2024, Defendant knew that Plaintiff's verification failures were caused by unresolved system-level conditions and that repeated verification attempts would likely remain unsuccessful until those conditions were remedied. *Id.* ¶ 30. Despite knowing that Plaintiff could not comply, in October 2024, Defendant issued formal verification deadlines that would result in account removal if verification was not done. *Id.* ¶ 31. Defendant continued to issue official procedural instructions directing Plaintiff to take specific actions to complete verification. *Id.* ¶ 32. Plaintiff continued attempting verification in reliance on Defendant's guidance while his developer accounts remained subject to restriction or termination for non-verification. *Id.* ¶ 37. On November 4, 2024, Defendant publicly acknowledged that phone number verification issues were affecting developers and that resolution remained a work in progress. *Id.* ¶ 39.

In reliance on Defendant's instructions, Plaintiff continued repeated verification attempts over an extended period, delayed alternative mitigation efforts, maintained development activities dependent on Google Play Console access, and exposed his developer accounts to enforcement actions. *Id.* ¶ 41.

Plaintiff was unable to complete verification, and Defendant subsequently terminated Plaintiff's second developer account for failure to verify. *Id.* ¶¶ 43–43. Plaintiff's first developer account remained inaccessible for an extended period, resulting in additional losses. *Id.* ¶ 44.

**B.    Procedural History**

Plaintiff filed his initial complaint against Defendant on February 21, 2025, and filed his first amended complaint (FAC) on February 24, 2025. ECF 1; ECF 8. Both complaints alleged a breach of the Google Developer Distribution Agreement and included a copy of the Agreement. ECF 1 at 11; ECF 8; ECF 8-1. Both also alleged that Plaintiff's access to his developer accounts was subject to the Agreement. ECF 1 ¶ 11; ECF 8 ¶ 11.

United States District Court
Northern District of California

Defendant moved to dismiss Plaintiff's FAC, which the Court granted with leave to amend.  ECF 36; ECF 55.

Plaintiff then filed his Second Amended Complaint (SAC).  ECF 58.  It did not include the Agreement.  Defendant moved to dismiss Plaintiff's SAC, which the Court granted with leave to amend.  ECF 61; ECF 75.

Plaintiff then filed his TAC.  TAC.  It did not include the Agreement.  Defendant moved to dismiss Plaintiff's TAC.  ECF 81 (Mot.).  Plaintiff opposed.  ECF 84 (Opp'n).  Defendant replied.  ECF 89 (Reply).

All parties have consented to magistrate judge jurisdiction. ECF 20; ECF 27.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

United States District Court
Northern District of California

4

## III.    DISCUSSION

Defendant moves to dismiss Plaintiff's TAC under Rule 12(b)(6) because it argues (1) Plaintiff's negligence claim is barred by the economic loss rule, or in the alternative, (2) Plaintiff failed to plead the elements of his negligence claim.  ECF 78.

### A.    Plaintiff's Negligence Claim is Barred by the Economic Loss Rule

Defendant argues that Plaintiff's claim for negligence is barred by the economic loss rule.  Mot. at 5.  The Court finds that regardless of whether the Court considers the Agreement, Plaintiff's negligence claim is barred by the economic loss rule.

### 1.    The Court Can Consider Plaintiff's Prior Allegations Regarding the Agreement

As an initial matter, the Court is persuaded that it can consider Plaintiff's prior allegations that he and Defendant entered the Agreement and that it governs his access to his developer account.  Plaintiff is correct that generally, a "district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  Opp'n at 5 (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).  However, a court can "consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether an amended complaint 'plausibly suggests an entitlement to relief'" when evaluating an amended complaint.  *McKenna v. WhisperText*, No. 14–cv–00424–PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015); *see also J. Edwards Jewelry Distrib., LLC v. Wells Fargo & Co.*, No. 18-cv-03886-YGR, 2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019) (finding that a plaintiff cannot avoid application of the statute of limitations by simply deleting evidence from its amended complaint allegations).  As such, it is proper for the Court to consider Plaintiff's previous allegations that the Agreement exists and governs Plaintiff's access to his developer account when assessing Defendant's economic loss rule argument.  *McKenna*, 2015 WL 5264750, at *3 (finding that the plaintiff failed to state a claim because it was "undeniable" from the plaintiff's previous allegations that it was implausible); ECF 1, 8 (alleging that Defendant granted Plaintiff access to a developer account subject to the Agreement).

### 2. The Court Assesses the Applicability of the Economic Loss Rule Using California Law

The Court uses California law to analyze Defendant's argument that Plaintiff's claim is barred by the economic loss rule because claims relating to the Agreement are governed by the laws of the State of California. *See* ECF 1 at 14; ECF 8-1.

The economic loss rule provides that "[i]n general, there is no recovery in tort for negligently inflicted 'purely economic losses,' meaning financial harm unaccompanied by physical or property damage." *Sheen v. Wells Fargo Bank, N.A.,* 12 Cal. 5th 905, 922 (2022) (citing *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004)). The rule often functions to bar claims in negligence for pure economic losses in deference to a contract between litigating parties. *Id.* "Under California law, the economic loss rule provides that a party to a contract must 'recover in contract' rather than tort 'for purely economic loss due to disappointed expectations, unless [they] can demonstrate harm above and beyond a broken contractual promise.'" *Costa v. Reliance Vitamin Co.*, No. 22-cv-04679-WHO, 2023 WL 2989039, *5 (N.D. Cal. Apr. 18, 2023) (*quoting Robinson Helicopter Co.*, 34 Cal. 4th at 988). As such, courts will generally permit tort suits if the defendant allegedly violated a duty rooted in tort principles that is independent of the parties' contractual rights and obligations and exposed the plaintiff to a risk of harm beyond the parties' reasonable contemplation when they entered into the contract. *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 23 (2024).

### 3. Plaintiff's Negligence Claim Resulted in Only Economic Damages

Plaintiff's TAC seeks purely economic losses when it requested damages for time and labor expended attempting verification, opportunity costs incurred by delaying alternative mitigation strategies, development and operational costs incurred while maintaining activities dependent on Google Play Console, and economic losses arising from temporary account inaccessibility and termination of Plaintiff's second developer account. TAC ¶ 91; s*ee Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 16-cv-00014-GPC-BLM, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) (finding "costs

associated with time spent and loss of productivity" are economic losses); *see Cisco Sys., Inc. v. STMicroelectronics, Inc.,* 77 F. Supp. 3d 887, 895 (N.D. Cal. 2014) (citations omitted) (finding that damages for inadequate value, cost of repair, cost of replacement of defective products, and lost opportunities are economic losses).  Plaintiff did not allege personal injury or physical damage to property.  *See, generally,* TAC.  Plaintiff does not dispute that he is seeking purely economic losses.  Opp'n at 3 (stating that he seeks "only reliance-based economic damages").

### 4.    Plaintiff's Negligence Claim Did Not Allege Harm Above and Beyond a Broken Contractual Promise

Plaintiff's negligence claim did not allege harm above and beyond a broken contractual promise.  The Agreement governs Plaintiff's access to his developer account.  ECF 8 ¶ 11.  Plaintiff's negligence claim revolves around Defendant's communication with Plaintiff about his verification process to access his developer account and his subsequent account restriction/termination.  TAC ¶¶ 69–85.  And the damages Plaintiff seeks flow immediately from the inability to access his developer account.  *See* TAC ¶ 91 (listing "[e]conomic losses arising from temporary account inaccessibility" as one of his damages).  As such, Plaintiff's claim is not independent of the contract, nor did it allege an injury that was not reasonably contemplated when the Agreement was formed.  *See Sinatro v. Mrs. Gooch's Nat. Food Mkts., Inc.,* No. 22-cv-03603-TLT, 2023 WL 2324291, at *15 (N.D. Cal. Feb. 16, 2023) (finding that the plaintiffs' negligent misrepresentation was barred by the economic loss rule because their alleged damages arose entirely in contract).

While Plaintiff argues that his claim is "independent of the contract" because "the duty here arises from conduct, not promise," Plaintiff's allegations in his TAC are premised on the same conduct he took issue with in his previous complaints alleging breach of contract.  Opp'n at 7; s*ee, generally,* ECF 1, ECF 8.  Courts in this district have found that a negligence claim is "squarely foreclosed" by the economic loss rule when "the allegations giving rise to its negligence claim are identical to those giving rise to its claim for breach of contract."  *Actian Corp. v. Itron, Inc.,* No. 25-cv-08914-BLF, 2026 WL

926899, at *7 (N.D. Cal. Apr. 6, 2026). Regardless, Plaintiff failed to identify any viable independent tort duty. *See Rattagan*, 17 Cal. 5th at 26 (finding that the court must determine whether there is an independent tort duty to refrain from the alleged conduct). Plaintiff does not identify any statute or regulation as imposing Defendant's alleged "duty to warn developers, suspend enforcement . . . , and refrain from account restriction and termination-backed deadline enforcement for as long as its own system failure persisted." Opp'n at 7.

### 5. The Parties Do Not Have a Special Relationship

Plaintiff also argues that the parties had a special relationship that would serve as an exception to the economic loss rule. It is unclear as to when an exception for special relationships can apply to parties in privity of contract—some courts have found that contractual privity in general is a bar to the special relationship exception, while others found that the exception is only barred when the contract involves goods. *Compare R Power Biofuels, LLC v. Chemex LLC*, No. 16-cv-00716-LHK, 2016 WL 6663002, at *7 (N.D. Cal. Nov. 11, 2016)*, with, Grey Fox v. Plains All Am. Pipeline*, No. 16-cv-1603157-PSG-JEM, 2024 WL 306222, at *5 (C.D. Cal. Jan. 9, 2024). Regardless, there is no special relationship exception here because Plaintiff does not sufficiently identify a special relationship between the parties.

Plaintiff first contends that he and Defendant have a special relationship because "Google had exclusive control over verification, exclusive knowledge of the system failure, Plaintiff had no alternative compliance pathway, and Plaintiff faced termination if he failed to comply." Opp'n at 15. However, courts have previously declined to find that parties have a special relationship "due to the unequal bargaining power as to . . . contracts and [a party's] exclusive control over [its consumers]." *See In re Sw. Airlines Co. Flight Disruption Litig.*, No. 23-cv-00306-AJB-SBC, 2024 WL 4983147, at *9–10 (S.D. Cal. Dec. 4, 2024). Courts have also declined to find that there is a special relationship even if a party had exclusive control of their service *and* had knowledge of the system's failure.

*See Julie Barfuss v. Live Nation Ent., Inc*, No. 23-cv-1114-GW-DTBX, 2025 WL 3691402, at *1 (C.D. Cal. Nov. 21, 2025).

Plaintiff then argues that he and Defendant have a special relationship because Defendant made a "targeted investigation of Plaintiff's specific circumstances, through which Google acquired superior knowledge of a risk that Plaintiff could not independently discover." Opp'n at 16. The Court is unpersuaded by Plaintiff's argument. The cases and framework that Plaintiff cites to support the existence of a special relationship are irrelevant—they are all inapplicable to claims for purely economic injuries and instead apply to cases where there was physical or property damage. *See, e.g., Mann v. State of California,* 70 Cal. App. 3d 773 (Ct. App. 1977) (personal injury action); *see also The L. Firm of Fox & Fox v. Chase Bank, N.A.*, 95 Cal. App. 5th 182, 194 n.9 (2023) (emphasis added) (stating that the "special relationship" doctrine in *Regents of Univ. of Cal. v. Superior Ct.*, 4 Cal. 5th 607, 621 (2018), was to determine a defendant's affirmative duty to "protect a plaintiff from foreseeable *noneconomic injury*" and is different from the "special relationship" doctrine for a third party who "suffered *only economic loss*").

Because there is no special relationship, even if the Court did not consider Plaintiff's prior allegations regarding the Agreement, it would still find that Plaintiff's negligence claim is barred by the economic loss rule. *See Kalitta Air, LLC v. Cent. Tex. Airborne Sys.*, Inc., 315 F. App'x 603, 605 (9th Cir. 2008) (citing *J'Aire Corp. v. Gregory*, 24 Cal.3d 799, 804 (1979) ("In the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed.").

In conclusion, Plaintiff's negligence claim is barred by the economic loss rule: it seeks purely economic damages, did not allege harm above and beyond a broken contractual promise, and does not involve a special relationship. As such, the Court GRANTS Defendant's motion to dismiss Plaintiff's TAC.

United States District Court
Northern District of California

9

**B.    The Court Need Not Address Defendant's Failure to State a Claim Arguments or Plaintiff's Mischaracterization Argument**

Because the Court finds that Plaintiff's sole claim in his TAC is barred by the economic loss rule and dismisses the TAC, it need not address Defendant's remaining arguments contending that Plaintiff failed to state a negligence claim.  It also need not address Plaintiff's argument that the Court deny Defendant's motion because Defendant mischaracterized certain facts in the TAC.  Opp'n at 4.  Plaintiff did not identify any statutory or common law bases for doing so, and the Court did not rely on the alleged mischaracterizations.

**C.    The Court Grants Defendant's Motion to Dismiss Without Leave to Amend and With Prejudice**

Under Rule 15(a), leave to amend "shall be freely given when justice so requires," but the "decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, in light of Plaintiff's sole claim being barred by the economic loss rule, the Court finds that amendment would be futile.  The Court grants Defendant's motion to dismiss without leave to amend and with prejudice.

**IV.    CONCLUSION**

In conclusion, the Court GRANTS Defendant's motion to dismiss Plaintiff's TAC. The Court does so WITHOUT LEAVE TO AMEND and WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: April 16, 2026    _____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

10